UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>LES PRODUITS FORESTIERS FOREXAM, and SCIERIE NORD-SUD, Inc.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Court No. 14-__00312__ |

# COMPLAINT

The United States, by and through its undersigned attorneys, hereby brings this action and alleges the following:

1. This is a civil action to recover monetary penalties pursuant to 19 U.S.C. § 1592.

2. The Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3. At all times relevant to the matters described in this complaint, defendants Les Produits Forestiers Forexam and Scierie Nord-Sud, Inc. (collectively Forexam) were companies that resided in Ste-Foy, QC, Quebec, Canada, and were both owned and controlled by Mr. Claude Roy.

4. Section 1592 of Title 19, United States Code, imposes civil penalties for material false statements or acts, or material omissions, made in connection with the introduction or entry of merchandise.

5. In 2002, the Department of Commerce (Commerce) issued an antidumping duty order covering certain softwood lumber from Canada. *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Softwood Lumber Products from Canada*, 67 Fed. Reg. 36,068 (Dep't of Commerce May 22, 2002).

6. In 2002, Commerce issued a countervailing duty order covering certain softwood lumber from Canada. *Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products from Canada*, 67 Fed. Reg. 36070 (Dep't of Commerce May 22, 2002).

7. In October 2006, Commerce revoked the May 22, 2002 antidumping duty order and instructed CBP to cease collecting cash deposits and to refund all deposits collected on such entries, with accrued interest. 71 Fed. Reg. 61,714 (Dep't of Commerce, October 19, 2006).

8. In October 2006, Commerce revoked the May 22, 2002 countervailing duty order and instructed CBP to cease collecting cash deposits and to refund all deposits collected on such entries, with accrued interest. 71 Fed. Reg. 61,714 (Dep't of Commerce, October 19, 2006).

9. Between May 2002 and August 2003, Forexam entered 165 entries of softwood lumber into the United States as importer of record as identified in Attachment A.

10. Each of the 165 entries of softwood lumber was subject merchandise under the terms of the antidumping and countervailing duty orders identified above.

11. Forexam misclassified each of the 165 entries as hardwood lumber. Specifically, the CF7501 entry summaries and invoices provided to CBP for each entry, identified the merchandise as softwood lumber whereas the packing lists for certain entries identified the merchandise as "softwood lumber" of "SPF" (meaning "spruce, pine, of fir" which are softwood species). As a result, Forexam failed to pay cash deposits of antidumping and countervailing duties that were required upon each of its entries.

11. Upon discovery of the violations, U.S. Customs and Border Protection (CBP) confirmed with two of Forexam's Untied States consignees that they had ordered softwood lumber from Forexam and invoiced for softwood lumber by Forexam.

12. CBP officials interviewed Mr. Roy, who admitted that his companies were experienced importers of forest products, that most of his companies' sales to the United States were of softwood lumber, and that he was aware of the antidumping and countervailing duty orders on softwood lumber at the time of the subject imports.

13. Mr. Roy further represented to CBP that his company made mixed shipments to the United States consisting of both hardwood and softwood lumber, which may have been classified as hardwood lumber.

14. CBP issues penalty notices to Les Produits Forestiers Forexam and Scierie Nord-Sud, Inc., alleging violations of 19 U.S.C. § 1592 at the culpability level of fraud, and in the alternative, at the level of gross negligence or negligence and, thus, has exhausted all administrative remedies.

## **COUNT I**

14. The allegations contained in paragraphs 1 through 13 are realleged and incorporated by reference.

15. The defendants entered or introduced the above-described merchandise into the United States by means of gross negligence in violation of 19 U.S.C. § 1592(a).

16. By reason of the violations described in ¶¶ 9-13 above, defendants are liable to the United States for the maximum penalty pursuant to 19 U.S.C. § 1592(c)(2), which is equal to an amount not to exceed 40 percent of the domestic value of the subject entries, which is $1,548,506.00.

## **COUNT II**

17. The allegations contained in paragraphs 1 through 16 are realleged and incorporated by reference.

18. If the violations described in ¶¶ 9-13 above were not the result of gross negligence on the part of the defendants, then the violations were the result of negligence in violation of 19 U.S.C. § 1592(a).

19. By reason of the violations referred to in paragraph 7 above, defendants are liable to the United States for the maximum penalty pursuant to 19 U.S.C. § 1592(c)(3), which is equal to an amount not to exceed 40 percent of the domestic value of the subject entries, which is $774,253.00.

**WHEREFORE**, the United States respectfully requests that the Court enter judgment in its favor as follows:

A. With respect to Count I:

       If the Court finds that the violations described above were the result of defendants' gross negligence, then for the United States for $1,548,506.00, plus costs and attorney fees; or

B.    With respect to Count II:

       If the Court finds that the violations described above were the result of defendants' negligence, then for the United States for $774,253.00, plus costs and attorney fees; and

C.    Such other relief as this Court deems appropriate.

                                   Respectfully submitted,

                                   JOYCE R. BRANDA
                                   Acting Assistant Attorney General

                                   JEANNE E. DAVIDSON
                                   Director

                                   /s/  PATRICIA M. McCARTHY
                                   Assistant Director

                                   /s/  STEPHEN C. TOSINI
                                   Senior Trial Counsel
                                   Department of Justice
                                   Civil Division
                                   Commercial Litigation Branch
                                   PO Box 480
                                   Ben Franklin Station
                                   Washington, D.C. 205044
                                   Tel.:   (202) 616-5196
                                   email: stephen.tosini@usdoj.gov

December 1, 2014                          Attorneys for Plaintiff